## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**JEAN-PAUL GAMARRA,**<br><br>**Defendant.** | **Criminal No. 17-65 (JDB)** |

## MEMORANDUM OPINION

According to the materials supporting the criminal complaint in this case, on March 28, 2017, defendant Jean-Paul Gamarra was arrested outside of the White House after approaching U.S. Secret Service agents with a package he alleged contained "a component to launch a nuclear weapon." See Aff. in Supp. of Appl. for a Crim. Compl. ("Demock Aff.") [ECF No. 1-1] ¶ 5. At the same time, "Gamarra said he was not there to harm President Trump." Id. The package, which Gamarra placed on the ground in response to instruction from law enforcement, was marked with multiple written "warnings" and contained a Bluetooth keyboard. Id. ¶¶ 5–6.

Gamarra was subsequently indicted on one count of making threats against the President in violation of 18 U.S.C. § 871 and one count of threatening and conveying false information concerning the use of an explosive in violation of 18 U.S.C. § 844(e). See Indictment [ECF No. 6]. On January 25, 2021, following litigation over Gamarra's competency to stand trial, a period of involuntary medication to restore Gamarra to competency, and further delays related to the global COVID-19 pandemic and a change in government counsel, Gamarra's trial was finally set for May 24, 2021. See Gov't's Mot. & Notice of Intent Regarding Fed. Rule of Evid. 404(b) ("Gov't's Mot.") [ECF No. 74-1] at 2–3.

1

Less than a month before trial, and approximately six months after this Court's October 30, 2020 deadline for filing pre-trial motions, see Min. Entry (Sept. 18, 2020), the government filed a motion in limine seeking to introduce evidence of a prior alleged threat made by Gamarra in 2014 against then-President Obama. See Mot. by Gov't to Late File Gov't's Mot. [ECF No. 74] at 1. Specifically, the government now seeks to call Special Agent Lionel Klein, who interviewed Gamarra following the alleged 2014 threat, to testify about Gamarra's statements in that interview. See Gov't's Mot. at 3; Gov't's Reply in Further Supp. of Mot. Regarding Fed. Rule of Evid. 404(b) ("Gov't's Reply") [ECF No. 79] at 1. According to the government, Gamarra admitted to Special Agent Klein "that he threatened to kill President Barack Obama . . . as a way to gain attention from federal authorities to further his mission of exposing 'far-reaching government corruption.'" Gov't's Mot. at 3. The government contends that Klein's testimony is relevant because "the defendant's admission that he previously made a threat in order to gain attention goes to the defendant's knowledge, intent, and motive" in this case. Id. at 6.

For his part, Gamarra opposes the government's motion on the grounds that the proffered evidence is inadmissible under Rule 404(b) and that, in any event, the probative value of the proffered evidence is substantially outweighed by the danger of unfair prejudice under Rule 403. See Def.'s Opp'n to Gov't's In Limine Mot. Regarding 404(b) Evid. ("Def.'s Opp'n") [ECF No. 78] at 2–3.[1] For the following reasons, the Court will grant the government's motion.

---

[1] At the May 4, 2021 status conference held before this Court, Gamarra argued that the government's motion should be denied as untimely. However, Gamarra's written opposition to the government's motion does not advance any timeliness arguments for rejecting the government's filing. The only time restriction in Rule 404(b) itself is the requirement that the government "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it." Fed. R. Evid. 404(b)(3)(A). The prior alleged threat has been referenced in the government's filings since the very outset of this case. See Demock Aff. ¶ 8. Indeed, this Court's April 2018 Memorandum Opinion denying Gamarra's motion to dismiss specifically referenced the alleged 2014 threat against President Obama. See United States v. Gamarra, 308 F. Supp. 3d 230, 231 (D.D.C. 2018). Hence, the Court finds that sufficient notice has been provided such that Gamarra will not be prejudiced by any untimeliness of the government's motion and will grant the government's motion to late file in the Order accompanying this Memorandum Opinion.

**Legal Standard**

Federal Rule of Evidence 404(b) permits the introduction of "[e]vidence of any other crime, wrong, or act" besides the subject matter of the present prosecution for certain limited purposes, "such as proving motive, . . . intent, preparation, plan, knowledge, . . . absence of mistake, or lack of accident."  Fed. R. Evid. 404(b).  At the same time, such evidence "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Id.  Given the broader scope of purposes for which 404(b) evidence may be admitted as compared to the lone purpose for which it may not, the D.C. Circuit has described Rule 404(b) as a "rule of inclusion rather than exclusion" that only prohibits introduction of evidence "which lacks any purpose but proving character."  See United States v. Bowie, 232 F.3d 923, 929–30 (D.C. Cir. 2000) (citing United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc)); see also United States v. Oseguera Gonzalez, — F. Supp. 3d — , 2020 WL 7318075, at *4 (D.D.C. Dec. 11. 2020) ("[U]nder Rule 404(b), any purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character." (quoting United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990))).  Under this guiding principle, "other-acts" evidence is admissible as long as it is (1) "relevant to something other than the defendant's character or propensity," Bowie, 232 F.3d at 930; and (2) is not otherwise excludable under Rule 403—i.e., "its probative value is not substantially outweighed by its prejudicial effect," United States v. Mathis, 216 F.3d 18, 26 (D.C. Cir. 2000).

Rule 403 does not bar all potentially prejudicial evidence; "[i]nstead, the Rule focuses on the 'danger of unfair prejudice,' and gives the court discretion to exclude evidence only if that danger 'substantially outweigh[s] the evidence's probative value.'"  United States v. Pettiford, 517 F.3d 584, 590 (D.C. Cir. 2008) (quoting United States v. Gartmon, 146 F.3d 1015, 1021 (D.C. Cir.

1998)).  In turn, "[t]he term 'unfair prejudice' . . . speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."  Old Chief v. United States, 519 U.S. 172, 180 (1997).  And ultimately, "Rule 403 'tilts . . . toward the admission of evidence in close cases.'"  United States v. Ring, 706 F.3d 460, 474 (D.C. Cir. 2013) (quoting United States v. Moore, 732 F.2d 983, 989 (D.C. Cir. 1984)).

## Analysis

The Court's analysis will follow the straightforward two-step inquiry for the admissibility of other-acts evidence laid out by the D.C. Circuit, beginning with the question whether the proffered evidence is relevant for purposes other than demonstrating Gamara's character.  Put simply, it is.  Perhaps most obviously, Gamarra's alleged admission to Special Agent Klein that he made the threat against President Obama to draw attention to what Gamarra characterized as "far-reaching government corruption" may bear upon his motive and intent in the present case.  Likewise, evidence of Gamarra's past experience with the U.S. Secret Service in the wake of making an alleged threat against a sitting president sheds light on his knowledge of the ways in which threatening communications are processed by law enforcement.  Finally, if Gamarra is shown to have made threats against the president in the past and discussed those threats with law enforcement, that could indicate that his alleged present threats were not made by accident or mistake.  Motive, intent, knowledge, and lack of mistake or accident are all permissible reasons to admit other-acts evidence under Rule 404(b), and all apply to the proffered testimony the government seeks to admit here.  And indeed, courts routinely admit evidence of prior threats for similar purposes in trials for threat crimes.  See, e.g., United States v. Mabie, 862 F.3d 624, 632–

33 (7th Cir. 2017); <u>United States v. Jongewaard</u>, 567 F.3d 336, 341–42 (8th Cir. 2009); <u>United States v. Burk</u>, 912 F.2d 225, 228 (8th Cir. 1990).

Gamarra levels three arguments against the admission of the proffered evidence under Rule 404(b).  First, he disputes the evidentiary basis for Klein's testimony because the witness "appears <u>not</u> to have been present when the alleged 'threat' . . . was made."  Def.'s Opp'n at 3.  But Klein's testimony pertains to Gamarra's <u>admission</u> that he threatened President Obama.  Gov't's Mot. at 3.  Gamarra does not and cannot argue that his admission to having threatened President Obama is not "[e]vidence of any other crime, wrong, or act" for the purposes of Rule 404(b).  Any questions around Klein's proximity to the alleged 2014 threat would go to the weight of his testimony, not admissibility.  Next, Gamarra insists that "[t]he only purpose . . . [the proffered] evidence can serve is to make the Defendant's character an issue."  <u>See</u> Def.'s Opp'n at 4.  He fails to cite any authority in support of this assertion, and for the reasons discussed above, the Court finds multiple non-character purposes for the admission of Klein's testimony.  Finally, Gamarra makes a novel argument that "[t]o be admissible, other acts evidence must also be necessary."  <u>Id.</u> at 5 (citing <u>United States v. Queen</u>, 132 F.3d 991, 998 (4th Cir. 1997)).  While his argument on this point may arguably be consistent with caselaw in the Fourth Circuit, it is at odds with precedent in the D.C. Circuit.  As discussed above, in this Circuit, "<u>any</u> purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered <u>solely</u> to prove character."  <u>Miller</u>, 895 F.2d at 1436.  The threshold for admissibility is relevance, not necessity.  <u>See</u> <u>Bowie</u>, 232 F.3d at 930.

Having determined that the other-acts evidence is admissible under Rule 404(b), the Court now turns to Rule 403's inquiry whether the proffered evidence's probative value "is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues,

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  Gamarra asserts that the 404(b) evidence "will unfairly taint the Defendant's character and, based on this tainted character alone, the jury will surely believe he is more likely to have committed the charged crimes."  Def.'s Opp'n at 5.  As discussed above, the Court recognizes multiple non-character purposes for introducing the proffered testimony and acknowledges its potential probative value as to Gamarra's knowledge and intent.  Proof of intent is especially relevant where, as here, the charged offenses require specific intent.  See 18 U.S.C. §§ 844 & 871 (requiring willful, knowing conduct); see also United States v. Toro, 359 F.3d 879, 884 (7th Cir. 2004) (In "a specific intent crime, . . . evidence of the defendant's intent is always relevant.").

On the other side of the coin, even if the proffered evidence has some prejudicial effect on Gamarra, that prejudice is not "unfair."  See United States v. Cassell, 292 F.3d 788, 796 (D.C. Cir. 2002).  Given the differences between the alleged 2014 and 2017 threats, the proffered evidence is unlikely to "lure the factfinder" into inferring guilt in this case.  After all, as Gamarra points out, he was neither arrested nor charged with a crime—let alone convicted—for the alleged 2014 threat. See Def.'s Opp'n at 2.  Finally, the Court will issue a limiting instruction to the jury to clarify the narrow, non-character purpose for which this other-acts evidence may be considered.  See, e.g., Cassell, 292 F.3d at 796 (The instruction that the jury is "only to consider the [404(b)] evidence for the limited and proper purposes of modus operandi, specific intent, knowledge, and absence of mistake or accident[] . . . is the type of instruction that 'can sufficiently protect a defendant's interest in being free from undue prejudice.'" (quoting United States v. Perholtz, 842 F.2d 343, 361 (D.C. Cir. 1988))).  It follows, then, that any residual prejudice arising from the proffered

evidence falls well short of "substantially outweigh[ing]" its probative value.  See Miller, 895 F.2d at 1435.

Gamarra also claims that "the jury will have difficulty keeping the facts of each offense separate" if evidence of the alleged 2014 threat is admitted.  Def.'s Opp'n at 5.  But this argument is likewise unpersuasive.  The Court trusts the jurors of this District to distinguish an alleged threat made in 2014 in a Long Island hospital against President Obama from another made three years later, against a different president from a different political party in the vicinity of the White House in Washington, D.C.  Hence, Rule 403 does not preclude the admission of the otherwise-admissible 404(b) evidence proposed by the government.

## Conclusion

For the foregoing reasons, the Court will grant the government's motion and admit Special Agent Klein's testimony as to the alleged 2014 threat.  A separate Order will issue on this date.

/s/
_____
JOHN D. BATES
United States District Judge

Dated: May 14 , 2021

7