IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

    v.                                                              Case No. 17-cr-65 JDB

JEAN-PAUL GAMARRA

## **DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

    Comes now the defendant, by and through his attorney, Richard S. Stern, to respectfully move this Honorable Court to sentence Mr. Gamarra to time served on each count to run concurrently.

    As grounds therefore, we state as follows:

    1.  On May 21, 2021, a jury found the defendant guilty on both counts of the Indictment charging Mr. Gamarra with Threats Against the President, in violation of 18 USC § 871 and Threatening and Conveying False Information Concerning Use of an Explosive, in violation of 18 USC § 844(e).

    2.  We concur with the recommendation of the presentence writer that the defendant be sentenced to time served on both counts and that they run concurrently. We further concur that no fine or restitution be ordered. Mr. Gamarra has very in the way of financial resource as noted in paragraphs 59-72 of the final presentence report and in paragraph 72, the presentence writer concluded it appears that he has no ability to pay a fine. Mr. Gamarra understands that he must pay a total of $200.00 for the two special assessments.

    3.  Mr. Gamarra had been incarcerated in this case from March 26, 2017 until August 26, 2020, just two days shy of 41 months, the bottom of the calculated guidelines in the final

presentence report.  Under the guidelines range calculated by the presentence writer of 41-51 months, he has already served very close to the maximum given that he is entitled to 57 days per year of good time credit.  For a 41-month sentence, his good time credit would 3.42 (3 and 5/12) years x 57 days/year for a total 195 days or 6.5 months.   Thus he has already served the equivalent of a 47.5-month sentence.

       4.  Given the amount of time the defendant has spent in mental health treatment and therapy both before and after his release in 2020, we submit he is a much different man than what the Court saw in the trial of the case or during Mr. Gamarra's past incarceration.

       5.  He now has a very stable relationship in New York and has complied with his conditions of release to date.   He has enjoyed great support from his ex-wife.  He lives with her and their children, two of whom are on the autism spectrum in New York.  See paragraphs 4 and 42 of the final presentence report.

       6.  We move that the conditions of supervised release should mirror his present conditions of release so that he can maintain the progress of treatment.  Counsel has spoken to Mr. Gamarra's case manager in Islip, NY, Brian Manganaro.  Mr. Manganaro indicated that Mr. Gamarra is complying with all conditions of release, gets treatment the local VA hospital, is on medication and his mood is stable.

       7.  The severity of his incarceration we submit has been unusual and substantially more difficult because of difficulty of getting him to Butner and the amount of time had to spend in Butner, far away from him home and family in New York.

       8.  In sum, we submit that given all the above, a time served sentence would be fair and reasonable.

WHEREFORE, we pray that the Court orders a time serve sentence with any appropriate conditions it deems appropriate.

Respectfully submitted,

/s/ *Richard S. Stern*
_____
RICHARD S. STERN
DC Bar No. 205377
932 Hungerford Drive
Suite 37A
Rockville, MD 20850
301-340-8000
rssjrg@rcn.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically served all counsel of record on October 7, 2021.

/s/ *Richard S. Stern*
_____
RICHARD S. STERN